UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. MCCLAIN III, Pro Se, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, et al.,<br><br>Defendants. | CASE NO. C08-613RSM<br><br>ORDER ON DEFENDANTS' MOTIONS TO DISMISS |

    This matter is before the Court for consideration of motions to dismiss and for summary judgment filed by defendants The Boeing Company ("Boeing") and International Association of Machinists, District Lodge 751 ("Union"). Dkt. # 71, 72. Plaintiff has not responded to the motions in any way. Indeed, he has not participated in this case at all since October 15, 2008, apart from filing a motion for recusal of the undersigned, which motion was denied by Chief Judge Marsha J. Pechman on March 20, 2012. Dkt. # 82. It appears that he has abandoned this litigation.

    Plaintiff originally filed this action in state court, presenting state law claims over which the Court declined supplemental jurisdiction in an earlier case, McClain v. Boeing, C07-567RSM. He also purported to assert a claim under the Racketeering Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. Defendants removed the case to this Court on the basis of the RICO claim, and it was subsequently stayed pending the appeal in C07-567RSM. In that appeal, the Ninth Circuit Court of Appeals vacated that portion of the Court's Order declining supplemental jurisdiction, and remanded for consideration as to whether the state law claims are preempted by federal law. Upon motions for summary judgment filed by defendants Boeing and the Union in C07-567RSM, that case has been dismissed. See, Order on Motions for Summary Judgment, C07-567RSM, Dkt. # 149. The state law clams presented in this case have thus already been considered and found without merit and/or preempted by federal law.

Pursuant to Local Rule CR 7(b)(2), the Court deems plaintiff's failure to respond as an admission that the motions have merit. Defendant Union's motion to dismiss state law claims (Dkt. # 71) and defendant Boeing's motion for summary judgment on state law claims (Dkt. # 72) are accordingly GRANTED, and these claims are DISMISSED.

The Court notes that the Union's motion to dismiss did not include plaintiff's purported RICO claims against the Union and its agent, Jackie Boschek. However, the Court deems plaintiff's failure to respond to the two motions to dismiss state law claims, and his lack of participation in this case, as indicators of his abandonment of this case. Accordingly, plaintiff is ORDERED TO SHOW CAUSE, within two weeks of the date of this Order, why all remaining claims should not be dismissed for failure to prosecute.

DATED May 14, 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE